PARGA & FRONTERA, S. EN C., DEMANDANTE Y APELADA, v. THE
ROYAL INSURANCE COMPANY, LIMITED, DEMANDADA Y APE-
LANTE.

APELACIÓN procedente de la Corte de Distrito de Mayagüez
en pleito sobre cobro de póliza.

No. 2935.—Resuelto en junio 19, 1923.

SEGUROS—ARBITRAJE—LAUDO NO OBLIGATORIO.—Un asegurado que no acepta el
laudo arbitral a que se sometió, puede reclamar judicialmente la cuantía
de la pérdida sufrida en la cosa asegurada. Tratándose de seguros, el ar-
tículo 175 de la Ley núm. 66 de 1921 substituye al artículo 1721 del Có-
digo Civil.

ID.—PRUEBA DE LA CUANTÍA DE LA PÉRDIDA.—Para fijar el valor que tenía una
propiedad asegurada, la prueba de la valoración para fines contributivos es
admisible.

Los hechos están expresados en la opinión.

Abogado de la apelante: Sr. P. Fajardo.

Abogado de la apelada: Sr. J. Sabater.

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tri-
bunal.

Una cláusula de una póliza de seguro disponía la sumi-
sión a un árbitro o árbitros para determinar la cuantía de
la pérdida sufrida. Después de una pérdida, se convino en
la sumisión a un arbitraje, se reunieron los árbitros y fi-
jaron los daños en la suma de $525. No estando conforme
la demandante con este laudo estableció demanda por el
valor total del automóvil asegurado. La corte dictó senten
cia por la suma de $1,000, que era el valor en tasación del
automóvil y resolvió que el arbitraje fué en contravención
al artículo 175 de la Ley de julio 16, 1921, el cual es como
sigue:

"Art. 175.—Será ilegal toda cláusula en un contrato de se-
guros que impida al asegurado el derecho de reclamar en los tri-
bunales de justicia, en cualquier momento después de ocurrido el
accidente contra el cual se hizo el seguro el importe de cualquier
pérdida sufrida y que hubiere sido objeto de dicho seguro. El
Tribunal determinará no sólo la responsabilidad de la Compañía,
sino también el alcance de la pérdida."

Aunque teníamos alguna duda sobre esto en la vista, las palabras son claras y la palabra "alcance" en castellano en inglés es "amount". En el tomo 26 de *Corpus Juris,* página 416, citado por la corte inferior encontramos la si· guiente cita:

"Una cláusula general sobre arbitraje que requiere la sumisión a árbitros de la responsabilidad de la compañía antes de que pueda establecerse una acción basada en la póliza, es nula por ser un convenio que priva a las cortes de su jurisdicción. Pero a menos que otra cosa se prescriba en el estatuto, una cláusula de una póliza que requiere la sumisión a arbitraje de cualquier diferencia en cuanto al importe de la pérdida, antes de que pueda establecerse acción fundada en la póliza, de este modo haciendo el arbitraje una condición precedente para recobrar, se ha declarado generalmente que es válida."

Pero tenemos un estatuto sobre la materia. Véase también el tomo 26 de C. J., página 469. De modo que la sumisión del importe de la pérdida al arbitraje no es obligatoria para el asegurado en Puerto Rico. El artículo 1721 del Có· digo Civil no puede beneficiar a la apelante, puesto que la ley de 1921 es posterior. Las demás autoridades citadas por la apelante no están considerando la existencia de un estatuto.

El apelante no nos cita ninguna autoridad respecto a que la corte inferior no tiene derecho a considerar la valoración dada al automóvil para los fines de la contribución y nos inclinamos al parecer de que tal prueba es admisible. Or· dinariamente y a falta de fraude el dueño fijará un valor bajo y no alto a su propiedad para los fines de la contri bución. Además, hubo otra prueba ante la corte por tratar la demandante de probar una valoración mayor.

Debe confirmarse la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Aldrey, Hutchison y Franco Soto.