BERTAUT & COMPANY, DEMANDANTE Y APELANTE, *v.* MÁRQUEZ, DEMANDADO Y APELADO.

APELACIÓN procedente de la Corte de Distrito de Aguadilla en pleito sobre consignación.

No. 2787.—Resuelto en enero 24, 1924.

COMPRAVENTA MERCANTIL—CONSIGNACIÓN—DEPÓSITO MERCANTIL—DEPOSITARIO.—
Alegando que el comprador se había negado sin motivo a recibir y pagar dos partidas de arroz que le había vendido sobre muestras, cuyo arroz estaba depositado en cierto almacén, el vendedor acudió al procedimiento de consignación establecido por el art. 1144 del Código Civil, solicitando de la corte que previa notificación al comprador, declarara bien hecha la consignación del arroz. *Se resolvió:* 1°., que bajo tales circunstancias, el expresado pro-

cedimiento de consignación es improcedente; y 2°., que tampoco puede considerarse la petición como Depósito Mercantil porque de acuerdo con el art. 332 del Código de Comercio el Depósito Mercantil es consecuencia de la interposición de un pleito sobre cumplimiento del contrato de venta, alegación que no se hace en la petición de este caso, y porque en ella tampoco se designó el depositario para que la corte pudiera decidir si la persona designada era suficientemente responsable, requisito que exige el artículo 2080 del Código de Enjuiciamiento Civil Español, cuyo precepto está vigente en la actualidad.

Los hechos están expresados en la opinión.

Abogados de la apelante: Sres. *J. y A. García Ducós* y *H. G. Molina*.

Abogados del apelado: Sres. *Reichard & Reichard*.

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

Bertaut & Co., casa comercial de Louisiana, compareció ante la Corte de Distrito de Aguadilla alegando bajo juramento que había vendido a José L. Márquez, del comercio de Aguadilla, dos partidas de arroz, una de 1,000 sacos y la otra de 500 sacos, de acuerdo con muestras que quedaron en poder del comprador, y que al entregar los 1,500 sacos de arroz al comprador Márquez éste se negó a recibirlos y a pagarlos, sin motivo justificado, por lo que le hizo saber que los consignaría en la Corte de Distrito de Aguadilla a su disposición, estando dichos sacos de arroz depositados en el almacén de la "New York and Porto Rico Steamship Co." en Aguadilla, donde pueden ser recogidos por el comprador pagando su importe. Por esas alegaciones. solicitó de la corte que previa notificación a José L. Márquez, declarase bien hecha la consignación de dichos efectos.

Se opuso Márquez a esa pretensión alegando la excepción previa de que la petición no contiene hechos determinantes de la acción ejercitada, y formuló contestación alegando diversos motivos para que no se accediera a lo que se pide, siendo uno de ellos que el arroz que se le quería entregar no era de la calidad que compró.

Las partes presentaron pruebas en la corte inferior, la

que dejó de considerarlas por entender que el procedimiento de consignación establecido por el artículo 1144 del Código Civil no es aplicable al caso presente, y que si se trata de un depósito mercantil por negarse el comprador a recibir, sin motivo justificado, los efectos mercantiles que compró, el depósito debe regularse por el Código de Comercio y la Ley de Enjuiciamiento Civil anterior al Código de Enjuiciamiento Civil que empezó a regir en 1904, y que de acuerdo con ellas no aducía la petición hechos determinantes de la acción de depósito por lo que dictó sentencia declarando sin lugar la petición de Bertaut & Co., quien interpuso este recurso de apelación.

Una de las maneras de quedar extinguidas las obligaciones civiles es por el pago o por su cumplimiento, según el artículo 1124 del Código Civil, el que en sus artículos 1144 al 1149, inclusive, dispone que si el acreedor a quien se hiciere el ofrecimiento de pago se negare sin razón a admitirlo, el deudor quedará libre de toda responsabilidad mediante la consignación de la cosa debida; que la consignación por si sola producirá el mismo efecto cuando se haga estando el acreedor ausente o cuando esté incapacitado para recibir el pago en el momento en que deba hacerse, y cuando varias personas pretendan tener derecho a cobrar, o se haya extraviado el título de la obligación; que para que la consignación de la cosa debida libere al obligado deberá ser previamente anunciada a las personas interesadas en el cumplimiento de la obligación, siendo ineficaz si no se ajusta estrictamente a las disposiciones que regulan el pago; que la consignación se hará depositando las cosas debidas a disposición de la autoridad judicial, ante quien se acreditará el ofrecimiento en su caso y el anuncio de la consignación en los demás y hecha la consignación deberá notificarse a los interesados; que los gastos de la consignación, cuando fuere procedente, serán de cuenta del acreedor; que hecha debidamente podrá el deudor pedir al tri-

bunal que mande cancelar la obligación; que mientras el acreedor no hubiere aceptado la consignación o no hubiere recaído resolución judicial de estar bien hecha, podrá el deudor retirar la cosa o cantidad consignada, dejando subsistente la obligación; y que si hecha la consignación, el acreedor autorizase al deudor para retirarla, perderá toda preferencia que tuviera sobre la cosa, quedando libres los codeudores y fiadores.

Aunque el apelante alega que esos preceptos son aplicables a la consignación que intentó hacer en este caso su sola lectura demuestra que se refieren a la extinción de obligaciones civiles cuando el acreedor se negare recibir la cosa debida o no pudiera recibirla por su estado de incapacidad o de ausencia o cuando varias personas pretendan tener derecho a cobrar o cuando se ha extraviado el título de la obligación, y que en modo alguno se refiere al cumplimiento de contratos de compraventa en los que no hay acreedor y deudor, y mucho menos a los mercantiles que por su carácter y personas que en él intervienen han de regirse por las disposiciones del Colegio de Comercio, por lo que es improcedente el procedimiento de consignación intentado por el apelante y por este solo motivo procedería confirmar la sentencia apelada.

El apelante, sin embargo, sostiene que si ese procedimiento de consignación no es procedente, de todos modos la petición tiene alegaciones bastantes para considerarla como un depósito mercantil.

No puede haber duda de que la compraventa en este caso es mercantil, y con respecto a ella dispone el artículo 332 del Código de Comercio que si el comprador rehusare sin justa causa el recibo de los efectos comprados, podrá el vendedor pedir el cumplimiento o rescisión del contrato, depositando judicialmente en el primer caso las mercaderías. De acuerdo, pues, con ese precepto, el depósito mercantil de los efectos vendidos y no recibidos por el comprador es conse-

cuencia de que se establezca un pleito sobre cumplimiento del contrato de venta, alegación que no se hace en la petición de este caso.

No existe en el Código de Enjuiciamiento Civil que rige desde 1904 procedimiento alguno para dar efectividad al derecho de depósito reconocido en el artículo 332 del Código de Comercio por lo que teniéndolo la Ley de Enjuiciamiento Civil que estuvo vigente hasta entonces, a ella hay que acudir, por estar vigente en ese particular, de acuerdo con el artículo 361 del Código de Enjuiciamiento Civil, pues no es incompatible ni está en conflicto con sus disposiciones.

Dicha Ley de Enjuiciamiento Civil, en su segunda parte, trata de los actos de jurisdicción voluntaria en negocios de comercio, y dispone en su artículo 2080 que si a consecuencia de lo dispuesto en varios artículos que cita, entre ellos el 365 del Código de Comercio antiguo, que corresponde al 332 del vigente, hubiere de procederse al depósito de efectos mercantiles, el que deba promoverlo lo solicitará del juez por escrito, expresando en relación el pormenor de los efectos cuyo depósito pida, y designando la persona que haya de ser el depositario, cuya designación habrá de recaer en comerciante matriculado, si lo hubiere en la plaza, y en su defecto en un contribuyente que pague la cuota de contribución que el juez conceptúe suficiente garantía, atendidos el valor del depósito y las condiciones de la localidad, quedando en todo caso a la discreción del juez apreciar las garantías que ofreciera el depositario designado por quien promueva el depósito, y si estimare que debe recaer en otro el nombramiento, lo hará con sujeción a las disposiciones de este artículo.

La petición en este caso no designó la persona que debía ser nombrada depositaria, y aunque el apelante depositó por si mismo los efectos en el almacén que en ella expresa, no consignó los hechos por los cuales el juez pudiera

conocer que tal depositario tenía suficiente garantía para ese cargo.

Por las razones expuestas, la sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Wolf y Hutchison.

El Juez Asociado Sr. Franco Soto no intervino en la resolución de este caso.