MORRIS & COMPANY, DEMANDANTE Y APELADA, *v.* JOSÉ GONZÁLEZ CLEMENTE & CA., DEMANDADOS Y APELANTES.

No. 2950.—*Visto:* Junio 7, 1923.  *Resuelto:* Mayo 22, 1924.

LAUDO ARBITRAL DE CÁMARAS DE COMERCIO—CAUSA DE ACCIÓN—CUMPLIMIENTO DE COMPRAVENTA MERCANTIL—ALEGACIÓN NECESARIA.—En el presente caso *se resolvió:* que si la demanda se considera como una acción para hacer cumplir judicialmente el laudo arbitral rendido por una cámara de comercio contra el demandado, no aduce hechos suficientes porque no hay ley en Puerto Rico que respalde tal acción; y que si se la considera como una acción para cumplimiento de contrato mercantil, para concluir que aduzca hechos suficientes debería alegar que los artículos comprados por los demandados que rehusaron aceptarlos han sido depositados y están a su disposición, de acuerdo con el artículo 332 del Código de Comercio.

SENTENCIA de *Angel Acosta,* J. (Mayagüez), en acción sobre cumplimiento de laudo arbitral decreta el pago de $2,300 importe del litigio y los intereses sobre dicha suma y las costas.  *Revocada.*

*Sres. Benet & Souffront,* abogados de los apelantes; *Sres. J. Sabater* y *S. Suau,* abogados de la apelada.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

Morris & Co., corporación organizada con arreglo a las leyes del Estado de Maine, con casa matriz y domicilio en Chicago, Illinois, dedicada al comercio de exportación en carnes, salazones y embutidos, demandaron a José González Clemente y Cía., sociedad mercantil dedicada al ramo de provisiones en general, con domicilio en Mayagüez, P. R., alegando que por sus agentes en esta Isla, los Sres. J. Ochoa y Hno., vendieron a los demandados el 24 de diciembre de 1919 cincuenta barriles de tocino al precio de $46 cada barril para ser embarcados por los demandantes en dos envíos sucesivos quincenales de 25 barriles, o sea, en la primera y segunda quincena de febrero y que los demandantes, cumpliendo lo estipulado en la orden de venta, despacharon desde su casa empacadora los dos expresados embarques, el primero el 6 de febrero de 1920 y el segundo en febrero 19 del mismo año, según se expresaba en el contrato, y que dichos dos embarques cubriendo los cincuenta barriles de tocino llegaron oportunamente al puerto de destino de Mayagüez, a virtud de consignación y entrega a los demandados mediante los conocimientos obrantes en poder de dichos demandados: que éstos se negaron y rehusaron aceptar la mercancía comprada y cumplir con las obligaciones del contrato y entonces, por acuerdo previo entre demandantes y demandados, convinieron en someter el asunto por medio de arbitraje a la Cámara de Comercio de Puerto Rico, Sección de Mayagüez, que es un organismo constituido por comerciantes de la localidad para dirimir y resolver cuestiones o diferencias de carácter comercial entre sus asociados, y que la expresada Cámara de Comercio, actuando en arbitraje, dictó fallo o laudo en mayo de 1920 a favor de los demandantes, parte del cual se inserta en la demanda y en el que se dice que consideran a los compradores en la obligación de aceptar los embarques correspondientes al

litigio: que de conformidad con dicho fallo o laudo los demandados están obligados a aceptar el referido contrato por haberlo cumplido en todas sus partes los vendedores y obligados a pagar el importe de los cincuenta barriles, que es de $2,300, con más intereses por mora hasta el día del pago: y que los demandados se niegan y rehusan acatar y cumplir el laudo o decisión de dicha cámara, que es justo y equitativo, por lo que suplican a la corte que condenase a los demandados al cumplimiento del laudo recaído en su contra por el arbitraje de la Cámara de Comercio de Puerto Rico, Sección de Mayagüez, a que acepten el contrato que se establece en la demanda y a que le paguen los $2,300, valor de los cincuenta barriles de tocino, los intereses de mora y las costas.

Los demandados alegaron contra esa demanda la excepción previa de que no aduce hechos determinantes de causa de acción y habiendo sido desestimada contestaron haciendo una negación general de los hechos alegados, aduciendo otros en contrario y formulando contrademanda, y celebrado el juicio recayó sentencia declarando con lugar la demanda, contra la que establecieron este recurso en el que alegan como primer motivo de error el haber sido desestimada su excepción previa a la demanda.

Se expone en ese motivo del recurso que la demanda no tiene otro objeto que hacer obligatorio por medio de los tribunales el fallo o laudo emitido por la Cámara de Comercio de Mayagüez y que por esto debe ser pagado el precio del contrato y que aun tratándose de ejercer la acción de cumplimiento de un contrato de compraventa mercantil no alega que los efectos comprados estén depositados a disposición de los compradores.

En verdad, los términos en que está redactada la demanda y el epígrafe de ella, que dice ser sobre cumplimiento específico de un laudo arbitral, producen la impresión de que tiene por objeto que se condene a pagar el precio del tocino a que la demanda se refiere porque la Cá-

mara de Comercio ya ha resuelto que los compradores están
en la obligación de aceptar los dos embarques de ese con-
trato.   Considerada la demanda bajo este aspecto, no aduce
hechos determinantes de causa de acción porque no hay dis-
posición alguna en nuestras leyes para hacer efectivos los
fallos o laudos de las cámaras de comercio.   Ya dijimos en
el caso de *Parga y Frontera, S. en C.,* v. *The Royal Insur-
ance Company, Ltd.,* 32 D.P.R. 78, que un asegurado que
no acepta un laudo arbitral a que se sometió puede recla-
mar judicialmente la cuantía de la pérdida sufrida; y de
igual manera si los demandados en este caso no aceptan
cumplir voluntariamente el laudo de la Cámara de Comer-
cio, para que puedan ser condenados a cumplir su contrato
con los demandantes tendrán éstos que ejercitar su acción
independientemente de dicho fallo o laudo.

Pero si interpretamos liberalmente la demanda, como de-
bemos hacerlo de acuerdo con el artículo 122 del Código de
Enjuiciamiento Civil para hacer cumplida justicia a las par-
tes, podemos llegar a la conclusión de que a pesar de que
la mente de los demandantes estuvo fija en hacer efectivo
el laudo dicho, sin embargo, hicieron ciertas alegaciones en
la demanda que permiten considerarla como acción para
cumplimiento de un contrato de compraventa mercantil, pues
dice que se celebró ese contrato y que los demandantes en
cumplimiento de él embarcaron dentro de los plazos conve-
nidos el artículo vendido a los demandados y que llegó al
puerto de Mayagüez a virtud de consignación y entrega a
los demandados mediante los conocimientos obrantes en po-
der de los demandados.   Pero habiendo alegado también que
los demandados se negaron a aceptar la mercancía com-
prada, para que la demanda así considerada aduzca todos
los hechos determinantes de acción para obligar a los de-
mandados al cumplimiento del contrato de compraventa pa-
gando el precio de la mercancía era necesario que alegase
que los efectos comprados por los demandados han sido de-
positados y están a su disposición de acuerdo con el ar-

tículo 332 del Código de Comercio. Tal como está redactada la demanda los compradores no tienen la mercancía porque rehusaron aceptarla y se les cobra el precio de ella sin que se ofrezca entregársela y sin haber sido depositada a favor de ellos, por lo que no podría dictarse sentencia a favor de los demandantes por las alegaciones de la demanda porque los demandados no pueden ser condenados a pagar una mercancía que no tienen en su poder por haberse negado a recibirla y que no está depositada a su disposición para recibirla como compensación del precio que pagaran por ella.

Por las razones expuestas la corte inferior cometió error al no declarar con lugar la excepción previa opuesta a la demanda y el caso debe serle devuelto con permiso a los demandantes para que enmienden su demanda dentro del plazo que dicha corte les fije.