Ríos, Demandante y Apelado, *v.* The Niagara Fire Insurance Co., Demandada y Apelante.

No. 3326.—*Visto:* Junio 18, 1924. *Resuelto:* Diciembre 1, 1924.

Seguro contra Incendio—Alegación sobre Cumplimiento del Contrato por el Demandante—Demanda Suficiente.—Si el demandante en vez de alegar el cumplimiento por su parte del contrato de seguro contra incendio en la forma que establece el artículo 127 del Código de Enjuiciamiento Civil, alega la existencia del contrato y especifica en detalle el cumplimiento de las condiciones, formula una alegación suficiente.

Id.—Alegación Innecesaria.—No deja de ser suficiente la demanda porque no alegue que el incendio ''no se debió a la culpa o negligencia del demandante.'' Se presume que las partes han actuado de acuerdo con la ley y es a la parte demandada a la que corresponde alegar en su caso que está exenta de responsabilidad porque el incendio se debió a la culpa o negligencia del demandante.

Id.—Aviso a la Compañía sobre Desocupación de la Finca.—Estipulando la póliza de seguro contra incendio que la falta de utilización de la finca destinada a comercio y vivienda, por un período mayor de treinta días, haría perder su derecho al asegurado, el hecho de que éste la hubiera dejado desocupada durante un día sin notificar al asegurador no constituye una violación del contrato.

Id.—Abandono de la Finca por el Asegurado—Negligencia del Asegurado.—En este caso la evidencia demostró que el demandante desocupó la casa asegurada y trasladó la casi totalidad de las existencias y de los muebles y que en la madrugada del día siguiente fué totalmente destruida por un incendio.

El demandante no se encontraba en ella. La casa quedó sola. El demandante tenía hablada a una persona que iba a hacer ciertas reparaciones para que la cuidara, pero tal persona no llegó a hacerse cargo. Una de las puertas quedó meramente junta. *Se resolvió:* que tales hechos por sí solos no revelan negligencia por parte del demandante en forma tal que lo haga responsable del incendio y le prive de su derecho a reclamar.

Id.—Prueba Preliminar del Valor de la Propiedad Destruida.—Demostrando la prueba que el asegurado gestionó infructuosamente el llegar a un entendido con la aseguradora con respecto a los daños causados por el incendio; y no tratándose, por otra parte, de bienes cuya cantidad pudiera variar de un día para otro, sino de una casa a la cual se le fijó un precio, no es posible concluir que la corte erró al no mantener que era un requisito previo a la demanda el someter a la compañía dentro de los quince días que siguieron al siniestro un estado de las pérdidas.

Sentencia de *R. Díaz Cintrón,* J. (Ponce), declarando con lugar la demanda, con costas. *Confirmada.*

*A. S. Poventud,* abogado de la apelante; *López de Tord & Zayas Pizarro,* abogados del apelado.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

Juan Miguel Ríos demandó a The Niagara Fire Insurance Co. en cobro de $2,500. Excepcionó y contestó la demandada, alegando además defensas especiales. Fué el pleito a juicio, practicando prueba ambas partes y la corte lo resolvió finalmente declarando la demanda con lugar.

No conforme la parte demandada, apeló, señalando en su alegato seis errores cometidos por la corte de distrito: 1, al resolver que la demanda aducía hechos suficientes para constituir una causa de acción; 2, al no estimar que el demandante había perdido su derecho a virtud de cambios hechos por él en la utilización del edificio asegurado; 3, al no considerar que el demandante era el único responsable del siniestro ocurrido; 4, al no reconocer que era un requisito previo indispensable para entablar la reclamación, que el demandante proporcionara a la demandada dentro de los quince días siguientes al incendio un estado de las pérdidas; 5, al admitir como perito al testigo Pedro Oquero, y 6, al no admitir cierta prueba.

Examinemos el primer error. La demanda, copiada a la letra, en lo pertinente, dice:

"*Segundo.*—Que el demandante siendo dueño de una casa de dos plantas, construída de maderas con parte de los bajos forrada de hierro galvanizado, y techada del mismo metal, destinada la planta alta a vivienda y los bajos a comercio y sita en el barrio de Canas, carretera de Ponce a Adjuntas, hectómetro 9 del término Municipal de Ponce, P. R., la aseguró en la compañía aquí demandada por término de un año y por la suma de $2,500.00, el cual riesgo empezó a correr el 11 de agosto de 1922, a vencer el 11 de agosto de 1923, según consta más extensamente de la póliza número 14442 expedida por la demandada, Niagara Fire Ins. Co., a favor del demandante, Juan Miguel Ríos Rivera, de fecha 11 de agosto de 1922.

"*Tercero.*—Que la casa antes reseñada fué totalmente destruída por un incendio ocurrido el día 14 de octubre de 1922, perdiéndose todo lo contenido en dicho edificio, quedando únicamente los escombros, sin que quedara ninguna parte de dicha casa en condiciones servibles.

"*Cuarto.*—Que tan pronto ocurrió el siniestro antes expuesto, el demandante lo comunicó a la compañía demandada por medio de su agente señor Mayoral.

"*Quinto.*—Que el propio demandante y de acuerdo con los términos de la póliza, requirió a la demandada por medio de su agente en Puerto Rico señor Mayoral para someter las pérdidas ocurridas a una tasación de árbitros, pero dicha demandada por su referido agente, se negó a tomar en consideración las manifestaciones del demandante, manifestando que no estaba dispuesta a someter a árbitros la fijación de los daños y perjuicios, ni estaba dispuesta a considerar la reclamación del demandante bajo ningún aspecto, manifestando al demandante que debía proceder judicialmente, ya que dicha demandada no estaba dispuesta, bajo ningún concepto a considerar la reclamación del demandante, habiendo asimismo dicha demandada rehusado proporcionar al demandante los blancos de costumbre para presentar dicha reclamación y habiéndose negado a recibir también toda reclamación por escrito o en cualquier otra forma de parte del demandante.

"*Sexto.*—Que la casa antes reseñada, asegurada por la demandada, en y antes de la fecha del siniestro valía la suma de $2,500.00, y alega el demandante que después del referido siniestro la referida casa no vale nada, ya que la pérdida sufrida por el demandante a

consecuencia del referido siniestro, monta a la suma de dos mil qui-
nientos dólares.

"*Séptimo.*—Que la demandada a pesar de las gestiones hechas
por el demandante para llegar a un entendido con ella con respecto
a las pérdidas relacionadas, ha rehusado toda tramitación extraju-
dicial manifestando que desea que el asunto se lleve a los Tribuna-
les, y ha rehusado por tanto satisfacer el pago de la suma asegurada
o sean $2,500.00, valor de la finca asegurada en la fecha del sinies-
tro.''

La apelante sostiene que la demanda no aduce hechos su-
ficientes porque no alega que el demandante "cumplió debi-
damente todas las condiciones que le concernían," y que el
incendio "no se debió a la culpa o negligencia del deman-
dante.''

A nuestro juicio el error no existe. Si una parte en vez
de alegar el cumplimiento del contrato en la forma que es-
tablece el artículo 127 del Código de Enjuiciamiento Civil
invocado por la apelante, alega la existencia del contrato y
especifica en detalle el cumplimiento de las condiciones, como
aquí sucede, formula una alegación suficiente. Así lo deci-
dió la Corte Suprema de California donde existe un esta-
tuto similar al nuestro, en el caso de *Clark* v. *Phoenix Ins.
Co.*, 36 Cal. 168. La corte dijo:

"Una demanda en que se alega un contrato incondicional por
el cual el demandado, por una causa específica, se obliga a asegurar
el hotel y muebles del demandante contra pérdidas por fuego por
un determinado período de tiempo, y una pérdida por fuego ocu-
rrida durante la vigencia del contrato, que el demandado ha dejado
de satisfacer, a pesar de los requerimientos del demandante, aduce
una causa de acción y será considerada suficiente al resolver una
excepción previa.''

Tampoco es necesario alegar expresamente que el incen-
dio ocurriera sin culpa o negligencia por parte del deman-
dante. Se trata de una acción ejercitada en reclamación de
dinero de acuerdo con un contrato de seguro y por haber
ocurrido un accidente que ocasionó daños por valor de la
suma reclamada. El incendio se supone ocurrido a virtud

de un elemento extraño a las partes contratantes. Se presume que las partes han actuado de acuerdo con la ley y es a la demandada a la que corresponde alegar en su caso que está exenta de responsabilidad porque el incendio se debió a la culpa o negligencia del demandante.

Veamos el segundo error. Del propio contrato de seguro resulta que la casa asegurada estaba destinada a comercio y a vivienda. Y se sostiene que se violó el contrato por parte del asegurado porque dejó la casa desocupada durante un día sin notificar al asegurador.

La violación no existe. De acuerdo con el contrato mismo, era la "falta de utilización, por un período de más de treinta días," la que hubiera hecho perder su derecho al demandante.

Argumentando el tercer error sostiene la apelante que el demandante fué negligente al desocupar la casa y dejarla abandonada y que tal negligencia lo hace responsable del incendio y lo priva de su derecho a reclamar.

Nada hay en la prueba que tienda en lo más mínimo a presentar al demandante como autor del incendio. La evidencia demuestra que el demandante desocupó la casa y trasladó la casi totalidad de las existencias y de los muebles el 13 de octubre de 1922 y que en la madrugada del 14 siguiente fué totalmente destruída por un incendio. El demandante no se encontraba en ella. La casa quedó sola. El demandante tenía hablada a una persona que iba a hacer ciertas reparaciones para que la cuidara, pero tal persona no llegó a hacerse cargo. Una de las puertas quedó meramente junta.

No creemos que tales circunstancias revelen negligencia por parte del demandante en forma tal que le prive de su derecho a reclamar. Para riesgos como éste se contratan los seguros.

El cuarto error guarda relación con un caso que invoca la apelante recientemente resuelto por esta Corte Suprema,

el de *J. Casablanca* v. *The Palatine Insurance Co.*, 32 D. P.
R. 678.

Se trataba de seguros sobre existencias de una farmacia
y sobre maquinaria para hacer calzado y existencias de cal-
zado y el asegurado no proporcionó los datos exigidos en
el contrato y requeridos por la compañía para poder calcu-
lar el valor de la propiedad realmente destruída.  Los he-
chos y circunstancias concurrentes se expusieron en la opi-
nión, y la corte, por medio del Juez Asociado Sr. Hutchison,
terminó diciendo:

"En los términos en que está redactado el artículo 10, la com-
pañía aseguradora tenía justamente derecho a alguna prueba pre-
liminar respecto del valor de la propiedad destruída al tiempo de
ocurrir el siniestro.  Si por algún motivo no era conveniente dar
entero cumplimiento a la petición hecha por el árbitro tasador
(*adjuster*), hubiera sido cosa muy sencilla para las demandantes ob-
tener una declaración de las personas o mercantiles adonde se hi-
cieron las compras, creditiva de las circunstancias por razón de las
cuales la información deseada no pudo suministrarse.  Cualquier
esfuerzo razonable para obtener los informes en cuestión, acompa-
ñado de no ser posible, de una completa manifestación de dónde,
cuándo y de quién la existencia de mercancías, maquinaria, muebles
y enseres fueron obtenidos, junta con una relación de los precios
pagados por ellos, hubiera sido suficiente.  Es muy posible que hasta
con menos de eso se hubiera cumplido con la regla relativa a un
cumplimiento sustancial con los requisitos estipulados respecto a la
prueba de la pérdida.  Pero sea esto como fuere, alguna demostra-
ción preliminar en este sentido era una condición previa para po-
der recobrar en una acción basada en cualquiera de las pólizas en
cuestión.

"Los pleitos en la fecha de la redacción de las demandas fueron
prematuros y deben confirmarse las sentencias apeladas."

Los hechos y circunstancias del caso que está sometido
ahora a nuestra consideración y resolución son distintos,
aunque se trata de la interpretación de una cláusula con-
tractual similar a la de los casos de Casablanca.

La corte de distrito en su relación del caso y opinión,
dijo:

".... Asimismo la corte resolviendo el incidente suscitado en cuanto al alcance e interpretación legales del artículo 10 del contrato de póliza de seguro, en el que se manifiesta que inmediatamente que se declara un siniestro el asegurado tiene obligación de participarlo a la compañía por escrito y entregarle un estado de las pérdidas y daños causados por el siniestro y una relación detallada de todos los demás seguros que pudieran existir sobre los mismos objetos asegurados, declara en primer término que hubo prueba por parte del demandante de haber hecho las gestiones tendentes al cumplimiento de esta obligación y por otra parte, además, estima que una vez interpuesta la demanda y de acuerdo con la sección 175 de las leyes de 1921, no era un requisito necesario e indispensable para ello, por lo cual se le anota una excepción a la parte demandada a los efectos procedentes en caso de apelación."

La prueba demostró las gestiones del asegurado a que se refiere la demanda y la necesidad que tuvo de acudir a la corte por negarse la compañía aseguradora en absoluto a satisfacer el seguro. No se trataba de mercancías ni de efectos cuya cantidad pudiera variar de día en día, sino de una casa, a la cual se fijó un valor y que quedó destruída totalmente.

Siendo ello así, no es necesario resolver si es aplicable o nó el artículo 175 de la Ley proveyendo lo necesario para la incorporación de compañías de seguros del país, para regular el negocio de seguros en Puerto Rico, y para otros fines, aprobada el 16 de julio de 1921 (p. 523), ley que no estaba aún en vigor cuando ocurrió el incendio que dió origen al caso de Casablanca, supra.

Resta sólo considerar los dos últimos errores que no tienen importancia, en verdad, a nuestro juicio.

El testigo Pedro Oquero era un empleado del Departamento del Interior que trató de comprar la casa destruída por el incendio al demandante quien le pidió por ella tres mil dólares llegando el testigo a ofrecerle dos mil setecientos. Uno de los deberes oficiales de Oquero era informar sobre las solicitudes para la fabricación de casas cerca de las carreteras y otra encargarse de las reparaciones de las

casas de los peones camineros.  La demandada mostró deseos de saber si el testigo declaraba como perito o como testigo y el demandante contestó: ''Ambas cosas.''  Oquero declaró además que había comprado una casa en Ponce. Después describió detalladamente la casa asegurada y dijo que a su juicio valía tres mil y pico de pesos.  Y la apelante sostiene que la corte erró al admitir la declaración de Oquero en tal sentido.

Oquendo demostró a nuestro juicio conocimientos y experiencia que le capacitaban para declarar en la forma en que lo hizo.  Además, la circunstancia de que el valor de la casa era superior en algunos cientos de dólares a la cantidad asegurada, quedó tan claramente establecida por toda la prueba que, como dijimos al principio, la cuestión carece de importancia.

Igual sucede con cierta pregunta que la apelante quiso hacer al demandante cuando declaraba como su propio testigo y que le fué negada por la corte en una forma muy peculiar y decimos muy peculiar porque en realidad la pregunta fué hecha y contestada.  Además luego la apelante introdujo al demandante como testigo y le preguntó cuanto quiso sobre el particular.

*Por virtud de todo lo expuesto el recurso establecido debe declararse sin lugar y confirmarse en todas sus partes la sentencia apelada.*