MORRIS & COMPAÑÍA, demandante y apelante, *v.* JOSÉ GONZÁLEZ CLEMENTE & CÍA., demandada y apelada.

No. 4135.—*Visto:* Abril 22, 1927. *Resuelto:* Diciembre 20, 1928.

·*F. B. Fornaris,* abogado del apelante; *Benet & Souffront,* abogados de la apelada.·

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

Este es otro de los casos a que se hace referencia en el de *Farinacci* v. *Niagara Fire Ins. Co.,* 38 D.P.R. 81.

En mayo 11, 1927, las partes suscribieron una estipulación y se unieron para suplicar que la resolución de este caso fuese pospuesta hasta fines de noviembre o hasta cualquiera otra fecha posterior.

El señalamiento de errores levanta unas diez y seis cuestiones, muchas de las cuales atacan el razonamiento o las conclusiones en que se fundó la sentencia, más bien que los méritos de ella. La doctrina enunciada por una mayoría

de esta corte en el caso de *Paganacci* v. *Lebrón*, 24 D.P.R. 796, y seguida en una serie de decisiones posteriores, nos releva de la necesidad de discutir tales cuestiones. Véase también el caso de *López de Tord & Zayas Pizarro* v. *Molina*, 38 D.P.R. 823, y los casos allí citados.

El décimoquinto señalamiento es que la corte inferior cometió manifiesto error al declarar que la ley y los hechos estaban en contra de la demandante y al desestimar la demanda. En el caso de *Morris & Co.* v. *José González Clemente & Co.*, 33 D.P.R. 171, se discutió la demanda original presentada y la corte resolvió que ésta no aducía hechos suficientes para determinar una causa de acción.

Una demanda radicada posteriormente en la corte de distrito se titulaba "sobre cobro de pesos" y alegaba en substancia que Morris & Co. había vendido a la demandada cincuenta barriles de tocino a $46 por barril; que los cincuenta barriles de tocino llegaron oportunamente al puerto de Mayagüez, consignados y entregados a la demandada mediante los conocimientos que cubrían dichos embarques, cumpliendo la demandante con todas las obligaciones con relación a dicha venta; que el importe de los cincuenta barriles de tocino al precio convenido ascendía a $2,300, que la demandada se niega a pagar a pesar de las gestiones hechas a tal fin; y que el importe antes referido de $2,300, que constituye el precio de venta, es una deuda líquida y exigible.

Para los fines de esta opinión podemos asumir, de conformidad con la apelante, que la alegación algo vaga e indefinida de que el tocino llegó oportunamente "y que fué consignado y entregado a la demandada, mediante los conocimientos," puede ser interpretada liberalmente en el sentido de que ello implica una aceptación de tal entrega por parte de la demandada. Sobre ese punto la demanda enmendada niega la alegación hecha en la demanda original de que la demandada había rehusado aceptar la entrega. No apare-

ciendo de la faz de la demanda enmendada indicación alguna de tal negativa, no era necesario, desde luego, alegar que se hizo el depósito con el fin de demostrar que el tocino en cuestión se puso a disposición de la demandada.

Sin embargo, la prueba demuestra concluyentemente que la demandada devolvió prontamente los conocimientos de embarque y rehusó aceptar aún esta entrega implícita del embarque en cuestión. Durante el curso del juicio se demostró igualmente que nunca había sido hecho el depósito exigido por el Código de Comercio en caso de tal negativa. De suerte que el juez sentenciador, a la terminación del juicio, se confrontaba con los mismos hechos alegados en la demanda original, y que esta corte resolvió en una apelación anterior que no eran suficientes para determinar una causa de acción.

Un demandante puede disfrazar ciertos aspectos de su causa de acción, cambiando el título y substituyendo, en vez de una alegación que es claramente fatal, una negativa implícita de tal alegación y haciendo una indicación de un hecho contrario. Pero en esta forma no se puede destruir la significación de todos los demás hechos alegados, ni ignorar el efecto de la prueba respecto a la veracidad de alegaciones omitidas. De la faz de la demanda enmendada en el presente caso se desprende que ésta era una acción entablada por una sociedad mercantil contra otra para recobrar el precio de mercancía que se alegaba había sido vendida y entregada por la demandante a la demandada. En el presente caso, al igual que en el de *Bertaut & Co.* v. *Márquez,* 32 D.P.R. 685:

"No puede haber duda de que la compraventa en este caso es mercantil, y con respecto a ella dispone el artículo 332 del Código de Comercio que si el comprador rehusare sin justa causa el recibo de los efectos comprados, podrá el vendedor pedir el cumplimiento o rescisión del contrato, depositando judicialmente en el primer caso las mercaderías."

Desde luego no surge la necesidad del depósito en todo

caso en que esté envuelta una transacción mercantil. El depósito es necesario solamente al rehusar el comprador aceptar la entrega de la mercancía vendídale. El hecho de si una negativa de aceptar la entrega aparece de la faz de la demanda o de la prueba, es una cuestión que afecta el momento y la forma de su presentación, más bien que los méritos de la cuestión envuelta. Cuando los hechos alegados en una demanda no son suficientes para determinar una causa de acción, difícilmente podría resolverse que justifiquen una sentencia a favor del demandante al ser establecidos sin una demostración ulterior durante la vista.

*La sentencia apelada debe ser confirmada.*

El Juez Asociado Sr. Texidor no intervino.