José Rodríguez López, demandante y apelante, *v.* National Fire Insurance Co., demandada y apelada.

Núm. 6978.—*Sometido:* Abril 14, 1937. *Resuelto:* Abril 20, 1938.

*García Méndez & García Méndez,* abogados del apelante; *Brown, Gon-zález & Newsom,* abogados de la apelada.

EL JUEZ ASOCIADO SEÑOR HUTCHISON emitió la opinión del tribunal.

El demandante apela de una sentencia adversa dictada en un pleito sobre una póliza, instruído con el propósito de recobrar el valor de ciertos muebles y otros efectos del hogar destruídos por un incendio.

El primer señalamiento es que la corte de distrito cometió error al declarar que la notificación del incendio no fué hecha inmediatamente, conforme exige la póliza. El siniestro ocurrió el 21 de julio de 1929. La prueba del demandante tendió a demostrar que él puso en el correo una carta dirigida a los agentes generales de la compañía y que notificó personalmente a un agente local en dicho día. Este testimonio fué contradicho por el del agente local en lo que a la supuesta notificación verbal se refería. En una carta fechada el 25 de julio dirigida a los agentes generales, el demandante hacía constar que había informado a éstos del siniestro en una comunicación anterior de fecha 21 de julio. El demandante fué informado a correo vuelto que su carta de julio 21 no se había recibido en San Juan. Otra prueba de la demandada tendió a demostrar que la carta fechada el 21 de julio fué recibida en San Juan el 10 de agosto en un sobre con el matasellos de Isabela de agosto 9. El juez de distrito resolvió que la primera notificación del incendio hecha por el asegurado fué la contenida en la carta de julio 25. En esta apreciación de la prueba no hallamos error manifiesto.

La cláusula contenida en la póliza al efecto de que debía notificarse "inmediatamente" de cualquier incendio, significaba, desde luego, que tal aviso debía darse con razonable prontitud o dentro de un tiempo razonable. Podría admitirse que una demora de cuatro días, de ser explicada satisfactoriamente, no sería irrazonable. Sin embargo, el demandante

no ofreció explicación o excusa, sino que insistió en la teoría de que había dado tal aviso el mismo día del incendio. Aún si resolviéramos que la notificación del incendio se hizo dentro de un tiempo razonable, y por lo tanto "inmediatamente" —a pesar de la ausencia de explicación alguna respecto a la tardanza de cuatro días—esta conclusión no justificaría una revocación a menos que el juez de distrito también hubiese cometido el error alegado bajo el segundo señalamiento.

■ El segundo señalamiento es que la corte de distrito cometió error al concluir que el asegurado no suministró la prueba de los daños dentro de quince días contados a partir de la fecha del siniestro, conforme exige la póliza. El demandante declaró que en julio 29 puso en el correo una carta que contenía la información requerida. La prueba de la demandada tendió a demostrar que esta carta nunca había sido recibida. Si ésta fuera toda la prueba a considerarse en torno a la cuestión relativa a la prueba de las pérdidas, habría más peso en el argumento del apelante. El conflicto existente entre la prueba del demandante al efecto de que él puso la carta en el correo y la de la demandada al efecto de que la misma nunca fué recibida, debe considerarse a la luz de la resolución adversa sobre la cuestión del aviso y a la luz de otras circunstancias que pueden hallarse en el alegato de la apelada, así como en la exposición del caso. No hallamos prueba de pasión o prejuicio por parte del juez sentenciador, ni error manifiesto en la apreciación de la prueba.

■ El tercer señalamiento es que la corte de distrito cometió error al resolver que no hubo renuncia de las condiciones de la póliza sobre notificación de siniestro y reclamación de pérdidas. Cuatro días después del incendio un agente o ajustador practicó una investigación e hizo constar el resultado en un documento notarial. El juez de distrito distinguió propiamente el caso de *Ríos* v. *Niagara Fire Insurance Co.*, 33 D.P.R. 809, citado por el demandante y correctamente resolvió que el proceder adoptado por el agente o ajustador al leer en un periódico una reseña del siniestro cuatro días des-

75

pués de haber éste ocurrido no equivalía a una renuncia de la cláusula relativa a la prueba de pérdidas. El presente recurso fué iniciado en noviembre 1929. En una carta fechada el 12 de mayo, 1931, los abogados del demandante se refieren a una oferta de transacción que sus clientes se habían negado a aceptar y a una promesa por parte de los agentes de que escribirían a la compañía sobre una contraproposición. Los abogados deseaban que se les informara la decisión a que se había llegado. Los agentes contestaron a vuelta de correo que una investigación no justificaba la transacción por la suma sugerida por los abogados y que sentían estar imposibilitados de considerar su oferta. El juez de distrito distinguió propiamente el caso de *Concordia Insurance Company* v. *School District*, 282 U.S. 545, y acertadamente resolvió que no había renuncia.

Los señalamientos cuarto y quinto carecen igualmente de mérito.

*La sentencia apelada debe ser confirmada.*